UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Randell Singleton,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>R. Phillip Guttierrez, et al.,<br><br>　　　　Respondents | CV 11-0765 RT<br>ED CR 96-0008 RT<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY BROUGHT PURSUANT TO 28 U.S.C. § 2241 |

　　　　Pending before the Court is Petitioner Gary Randell Singleton's Petition for Writ of Habeas Corpus by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2241. (CV 11-0765 RT, Docket # 1; see also Docket # 2 (Supp. Memo.)). The Court has reviewed the petition and Supplemental Memorandum submitted by Petitioner, along with the record in his related criminal case (ED CR 96-0008 RT), the record in his first request for habeas relief filed as a motion pursuant to 28 U.S.C. § 2255 (ED CV 00-0764 RT), and the record in his subsequent request for relief filed as a petition for a writ of audita querela (ED CV 05-0476 RT). For the foregoing reasons, the Court hereby DISMISSES the pending habeas petition.

## I. PROCEDURAL BACKGROUND

### A. Criminal Trial and Direct Appeal

Between May 31, 1996 and June 27, 1996, Petitioner and four co-defendants were tried by a jury for the alleged offenses of (1) conspiracy to commit armed robbery with forced accompaniment and to use and carry a firearm in connection with armed bank robbery with forced accompaniment, in violation of 18 U.S.C. § 371, (2) armed bank robbery with forced accompaniment, in violation of §§ 2113(a), (d), and (e), and (3) using and carrying one or more firearms during and in relation to the armed bank robbery with forced accompaniment, in violation of 18 U.S.C. § 924(c). On June 27, 1996, the jury returned a verdict of guilty against Petitioner on all charges. The Court sentenced Petitioner to 360 months imprisonment.

Petitioner appealed and the Ninth Circuit affirmed the judgment and sentence. United States v. Caver, 182 F.3d 928 (9th Cir. 1999) (unpublished table disposition).

### B. Habeas Motion Pursuant to 28 U.S.C. § 2255

On September 28, 2000, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255") in Singleton v. United States, ED CV 00-0764 RT, raising various issues centered on his contention that he was incompetent to stand trial. On July 12, 2001, the Court entered an order denying in large part Petitioner's motion. The Court held, inter alia, that (1) Petitioner's trial counsel was not ineffective for failing to assert prior to trial that Petitioner was incompetent to stand trial, (2) Petitioner's trial counsel was not ineffective for failing to raise an insanity defense, and (3) Petitioner's appellate counsel was not ineffective for failing to argue that Petitioner's trial counsel was ineffective.

On July 12, 2001, the Court also ruled that Petitioner was entitled to an evidentiary hearing on (1) his alleged incompetency during trial based on his contentions that he was not provided his daily medications for his diagnosed schizophrenia and (2) his trial counsel's alleged failure to raise his incompetency during trial and/or take appropriate action to cause custodial officials to give him his prescribed medication. On April 26,

2

2002, the Court held an evidentiary hearing on those two issues. On May 10, 2002, the Court issued findings of fact and conclusions of law and denied Petitioner's § 2255 motion in its entirety. The Court held that (1) Petitioner was competent to stand trial each and every day during the jury trial proceedings and (2) Petitioner's trial counsel was not ineffective.

On May 24, 2002, this Court denied Petitioner's request for a certificate of appealability because there was no substantial showing of the denial of a constitutional right. On February 5, 2003, the Ninth Circuit likewise denied Petitioner's request for a certificate of appealability.

### C. Petition for Writ of Audita Querela

On June 3, 2005, Petitioner filed a petition for writ of audita querela with this Court in Singleton v. United States, ED CV 05-0476 RT, arguing that his Sixth Amendment Confrontation Clause rights were violated under Crawford v. Washington, 541 U.S. 36 (2004), and Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005). On June 29, 2005, the Court denied that petition, holding that Petitioner could not circumvent the limits on second and successive § 2255 motions by styling his motion as a petition for writ of audita querela.

Petitioner then filed an application for authorization to file a second or successive § 2255 motion, which the Ninth Circuit denied on December 26, 2006.

## II. ANALYSIS

Pending before the Court is Petitioner's latest request for post-conviction relief, which he styles as a habeas petition arising under 28 U.S.C. § 2241 ("§ 2241"). The pending motion makes two overarching arguments.[1] First, Petitioner argues that this Court violated his due process rights in not sua sponte conducting a timely mental competency hearing during his criminal trial. Second, Petitioner argues that this Court erred in finding that he was competent to stand trial following an evidentiary hearing conducted in response

---

[1] Petitioner is proceeding pro se and the Court construes his papers liberally. See, e.g., Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010).

3

to his motion pursuant to § 2255. Neither argument is properly before the Court vis-a-vis a § 2241 petition.

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); see also Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). Section 2255 motions are subject to a variety of limitations, see 28 U.S.C. § 2255(h), and a prisoner cannot avoid those limitations by styling his request as being brought pursuant to § 2241 rather than § 2255, Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam).

An exception to that general rule is the so-called "escape hatch" of § 2255, which permits a federal prisoner to file a § 2241 petition where a § 2255 motion would be "inadequate or ineffective to test the validity of his detention." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). This is a narrow exception that applies where a petitioner (1) makes a claim of actual innocence and (2) has not had an unobstructed procedural shot at presenting that claim. See id. at 898.[2] Petitioner argues that his pending § 2241 petition is properly before the Court because he fits within the "escape hatch." The Court disagrees.

First, Petitioner has not made a claim of actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). Petitioner fails to assert any facts or arguments that he was innocent of the armed robbery and related charges of which he was convicted. Instead, he argues that the Court erred in not holding a timely competency hearing sua sponte during the trial and that the Court erred in finding that he was competent to stand trial in denying his § 2255 motion in 2002. He contends that such failure and error resulted

---

[2] The remedy under § 2255 is not inadequate or ineffective merely because a prior § 2255 motion was denied or because a second § 2255 would be barred. See, e.g., Lorentsen, 223 F.3d at 953.

4

in a violation of his due process rights under the Fifth and Fourteenth Amendments. This is not a claim of actual innocence. Cf. Moen v. Czerniak, Case No. CV-02-10-JE, 2006 WL 2270879, at *7 (D. Ore. Aug. 8, 2006) (finding incompetence to stand trial was not an allegation of actual innocence for purposes of miscarriage of justice exception to habeas procedural default).

Second, Petitioner has not shown that he did not have an unobstructed procedural shot at raising his claims. In determining whether a petitioner had an unobstructed procedural shot at presenting a claim, courts consider (1) whether the legal basis for the petitioner's claim arose after he had exhausted his direct appeal and § 2255 motion and (2) whether the law changed in any way relevant to petitioner's claim after the § 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.), cert. denied, 129 S.Ct. 254 (2008). Here Petitioner actually argued on his § 2255 motion that he was not competent to stand trial and the legal basis for this claim before the Court arose prior to his § 2255 motion. (See, e.g., Supp. Memo. at 8-19 (citing, inter alia, Drope v. Missouri, 420 U.S. 162 (1975); Pate v. Robinson, 383 U.S. 375 (1966); and de Kaplany v. Enomoto, 540 F.2d 975, 979 (9th Cir. 1976) (en banc)).) Indeed, the Court conducted an evidentiary hearing as to this claim. Petitioner has also failed to demonstrate any change in the law relevant to his claim subsequent to his § 2255 motion.

Accordingly, Petitioner has not established the § 2255 "escape hatch" exception applies to him. Therefore, his instant § 2241 petition is precluded as a matter of law.

### III. DISPOSITION

For the foregoing reasons, it is ordered that Petitioner's 28 U.S.C. § 2241 petition is **DISMISSED** with prejudice.

DATED: 3/4/11

ROBERT J. TIMLIN
UNITED STATES DISTRICT JUDGE

5